JOHN J. HOGAN, District Attorney Oneida County
You state that a person was appointed to the Lakeland Sanitary District Commission by the town board of the Town of Minocqua. Thereafter he was appointed to fill a vacancy on the Minocqua Town Board and was later elected as a supervisor on such Board and has continued to serve in both offices. You further state that the sanitary district has territory located in three towns but that the Town of Minocqua has the largest assessed valuation of taxable property of such district.
You request my opinion whether the offices of commissioner of a town sanitary district situated in territory lying within three towns, and supervisor of the town board of the town having the largest assessed valuation of taxable property of such district, are compatible where the town board also serves as the appointing authority for commissioners of the town sanitary district.
I am of the opinion that the offices are not compatible.
Section 66.11 (2), Stats., provides in part:
 Except as expressly authorized by statute, no member of a town, village or county board, or city council shall, during the term for which he is elected, be eligible for any office or position which during such term has been created by, or the selection to which is vested in, such board or council, but such member shall be eligible for any elective office.
The offices are clearly incompatible because the town board of the Town of Minocqua establishes the compensation for and has power of *Page 109 
appointment over the town sanitary district commissioners by reason of sec. 60.305 (1) (a), Stats., as amended by ch. 110, Laws of 1979. Additionally, there may be other areas of potential conflict where territory of a sanitary district lies in two or more towns.
BCL:RJV